FILED
U.S. DISTRICT COURT

2014 FEB 14 ⊃ 4: 26

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MELINDA BARLOW, KRISTEN MAXWELL, J. DAVID McGEE, ALICE SURYANA, KELLEY A. DOWDLE, DONALD G. NEWBY II, and JAMES M. BIRCH, individually and on behalf of all others similarly situated,<br>　　　　Plaintiffs,<br>v.<br><br>ZIONS BANCORPORATION, a Utah corporation; ZIONS FIRST NATIONAL BANK, a federally chartered bank; AMEGY BANK NATIONAL ASSOCIATION, a national banking association; NATIONAL BANK OF ARIZONA, a national banking association; and VECTRA BANK COLORADO, N.A., a national banking association,<br>　　　　Defendants. | Consolidated Case No. 2:11-cv-00929-BSJ<br><br>Judge Bruce S. Jenkins |

**FINAL ORDER APPROVING CLASS
SETTLEMENT AND CERTIFYING THE AMEGY SETTLEMENT CLASS**

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Class Settlement and Certifying the Amegy Settlement Class dated October 16, 2013 ("Preliminary Approval Order"), on the application of the Parties[1] for approval of the settlement among (1) Alice Suryana referred to below as the "Amegy Plaintiff," for herself and on behalf of the Amegy Settlement Class; (2) defendant Zions Bancorporation ("Bancorp"); and (3) defendant Amegy Bank, N.A. ("Amegy") that is fully set forth in the Settlement

---

[1] Capitalized terms not defined in this order have the meanings set forth in the Amegy Settlement.

Agreement and Release filed with the Court on September 5, 2013 (the "Amegy Settlement"). The Court having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing of the Notice and the publication of the Long-Form Notice on the Settlement Website in accordance with the Preliminary Approval Order, and good cause appearing therefore,

**IT IS HEREBY ADJUDGED, DECREED, AND ORDERED:**

**I.  JURISDICTION AND VENUE**

1. The Court has jurisdiction over the subject matter, the parties to this proceeding, and all Amegy Settlement Class Members, pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this District.

**II.  FINAL CERTIFICATION OF THE AMEGY SETTLEMENT CLASS**

3. The Court finds that the requirements of Federal Rule of Civil Procedure 23 are satisfied and that certification of the proposed Amegy Settlement Class is appropriate. The Court therefore grants final certification of the following Amegy Settlement Class (which includes terms defined in the Amegy Settlement):

> All holders of an Amegy Account who, from October 5, 2007, through and including May 6, 2011, incurred one or more Overdraft Fees as a result of High-to-Low Posting. The class does not include Amegy employees, officers, or directors, or the judge presiding over this Action.

4. The Amegy Settlement Class excludes those persons who timely and validly filed requests for exclusion from the Amegy Settlement Class pursuant to the Notice sent to Amegy Settlement Class Members as provided in the Court's Preliminary Approval Order and in Paragraph 11, *infra.*. A list of such persons who have filed timely, completed, and valid requests for exclusion from the Amegy Settlement Class as of the date of this order is attached hereto as

Exhibit 1. The persons identified in Exhibit 1 are not bound by this Final Judgment or the terms of the Amegy Settlement, and may pursue their own individual remedies against the Released Parties. Such persons are not entitled to any rights or benefits provided to Amegy Settlement Class Members by the terms of the Amegy Settlement.

5. The Court finds that the Amegy Settlement Class satisfies the following requirements under Federal Rule of Civil Procedure 23:

(a) the members of the Amegy Settlement Class are so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Amegy Settlement Class;

(c) the claims and defenses of the Amegy Plaintiff are typical of the Amegy Settlement Class;

(d) the Amegy Plaintiff and Class Counsel will fairly and adequately protect the interests of the Amegy Settlement Class; and

(e) the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Amegy Settlement Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### III. FINAL APPROVAL OF THE AMEGY SETTLEMENT

6. Pursuant to Fed. R. Civ. P. 23(e), this Court finds that the Amegy Settlement is fair, reasonable, and adequate, and is in the best interests of all Amegy Settlement Class Members, for the following reasons: *First,* the Parties negotiated the settlement fairly and honestly at arms' length and with the assistance of an experienced mediator and experienced counsel. *Second,* serious questions of law and fact exist, as reflected in Bancorp's and Zions First National Bank's motions to dismiss the case, and their affirmative defenses asserted in their answers to the complaint. *Third,* an immediate recovery is valuable to the Amegy Settlement

Class, given the potential need for protracted litigation to resolve all factual and legal disputes among the Parties. ***Fourth***, the Parties have offered their reasoned and well-supported judgment that the settlement is fair and reasonable to the Amegy Settlement Class.

7. The Court also finds that the plan for distribution of the Settlement Fund, as set forth in Sections X and XII of the Amegy Settlement, is fair and equitable.

8. Having considered the Parties' Stipulated Motion to Modify Proposed Final Approval Orders, the Court hereby modifies the mechanism for distribution of residual funds provided for in Section XIII of the Amegy Settlement. The Court finds it is in the best interest of the Amegy Settlement Class, and most consistent with state law, to dispose of any residual funds in the Administration Account in a manner consistent with state unclaimed property law. Accordingly, the Court orders that within thirty (30) days after the latest issued settlement check becomes void pursuant to Paragraph 80 of the Amegy Settlement, the Settlement Administrator shall transfer an amount equal to the uncashed checks from the Administration Account to Amegy along with a list containing: (a) the names and account numbers of the Amegy Settlement Class Members who did not cash their settlement checks; and (b) the amount of each uncashed settlement check. Amegy shall then hold and dispose of these funds in a manner consistent with state unclaimed property law. Specifically, while the residual funds are in Amgey's possession, Amegy Settlement Class Members who did not cash their settlement checks may seek and obtain from Amegy any settlement benefit due to them as permitted under the applicable unclaimed property statutes. After the residual funds have been turned over to the applicable state authorities pursuant to the applicable unclaimed property statutes, the residual

funds will be disposed of consistent with state unclaimed property law, and Amegy will submit a report to the court when that has occurred.

9. The Court finally approves, as modified the Amegy Settlement, and the exhibits appended to that settlement, as fair, reasonable, and adequate.

## IV. ADEQUACY OF NOTICE

10. The Court finds that the Notice Program approved in the Court's Preliminary Approval Order and implemented in accordance with that order was the best practicable under the circumstances. The Notice Program was reasonably calculated under the circumstances to apprise the Amegy Settlement Class of (a) the pendency of the Action; (b) the Court's preliminary certification of an Amegy Settlement Class; (c) the terms of the Amegy Settlement and the Amegy Settlement Class Members' rights to opt-out of the Amegy Settlement Class or to object to the Amegy Settlement; (d) the maximum amount of Class Counsel's expected Fee Application; and (e) the expected request for a Service Award for the Amegy Plaintiff. The Notice and Notice Program provided sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfied all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the constitutional requirement of Due Process.

11. The Court acknowledges that due to the technical issue described in Parties' Stipulated Motion to Modify Proposed Final Approval Orders, a small number of the Amegy Settlement Class Members were inadvertently not sent mailed notice. As to these Amegy Settlement Class Members who were not sent notice, the Court orders that the Settlement Administrator send these Amegy Settlement Class Members a letter, in a form mutually agreeable to the Parties, that both provides notice of the Amegy Settlement and encloses each

individual's settlement check. The letter shall explain that these Amegy Settlement Class Members may participate in the settlement by cashing their settlement checks or, alternatively, opt-out of the settlement by returning their settlement checks to the Settlement Administrator within 30 days of the date of the letter. This Final Approval Order shall be deemed final as to each Amegy Settlement Class Member, and each such person will be bound by the release, unless a Amegy Settlement Class Member elects to opt-out of the Amegy Settlement by mailing his or her settlement check back to the Settlement Administrator within 30 days. The parties shall notify the Court no later than 60 days after mailing the last settlement check to any such persons of any persons who have opted out of the Settlement, in order to supplement Exhibit 1 to this Final Approval Order.

12. The Court finds that with the modifications to the Notice Program provided for in Paragraph 11, Amegy Settlement Class Members have been provided adequate notice.

## V. ATTORNEYS FEES AND SERVICE AWARD

13. This Court hereby awards Class Counsel attorneys' fees in the amount of $873,653.04, which is equal to one-third of the Settlement Fund, plus reimbursement of their out-of-pocket expenses in the amount of $57,996.07, with interest to accrue thereon at the same rate and for the same periods as has a accrued by the Settlement Fund from the date of this Final Judgment to the date of actual payment of said attorneys' fees and expenses to Class Counsel. The Court finds the amount of attorneys' fees and costs awarded herein is fair and reasonable based on: (a) the work performed and costs incurred by Class Counsel; (b) the complexity of the case; (c) the risks undertaken by Class Counsel and the contingent nature of their employment;

(d) the quality of the work performed by Class Counsel in this Action and their standing and experience in prosecuting similar class action litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Amegy Settlement Class Members through the Amegy Settlement; and (g) the absence of any objections from Amegy Settlement Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Class Counsel. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Class Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Amegy Settlement Class Members.

14. In accordance with Section XV of the Amegy Settlement, the Settlement Administrator shall pay from the Settlement Fund to Class Counsel all Court-approved attorneys' fees, costs, and expenses of Class Counsel, including interest accrued thereon, within ten days of the Effective Date.

15. All payments of attorneys' fees and reimbursement of expenses to Class Counsel in this Action shall be made from the Settlement Fund, and Amegy, Bancorp, and the Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses except as provided in the Amegy Settlement.

16. The Court also hereby awards to Rust Consulting, Inc. $77,287.90. The Court finds that this amount payable to Rust Consulting, Inc. reflects reasonable and necessary compensation for the services provided by Rust Consulting, Inc. in performing the functions of Settlement Administrator as set forth in the Amegy Settlement.

17. This Court also hereby awards to Alice Suryana a Service Award of $5,000.00. The Court finds the amount of the Service Award is fair and reasonable based upon her service as class representative on behalf of the Amegy Settlement Class.

## VI. RELEASES AND FINAL JUDGMENT

18. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Amegy Settlement Class Members who have not filed timely, completed, and valid requests for exclusion from the Amegy Settlement Class are Amegy Settlement Class Members who are bound by this Final Judgment and by the terms of the Amegy Settlement.

19. The Released Parties are hereby released and forever discharged from any and all of the Released Claims. All Amegy Settlement Class Members are hereby forever barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Persons. All Amegy Settlement Class Members are bound by paragraphs 82 and 83 of the Amegy Settlement and are hereby forever barred and enjoined from taking any action in violation of that provision.

20. The Court hereby dismisses with prejudice all claims of the Amegy Plaintiff and the Amegy Settlement Class against Bancorp and Amegy asserted in the Action and without costs to any of the Parties as against the others, except as provided herein.

21. Neither the Amegy Settlement nor any act performed or document executed pursuant to or in furtherance of the Amegy Settlement: (a) may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in

any court, administrative agency, or other tribunal; or (c) may be admissible in any proceeding except an action to enforce or interpret the terms of the Amegy Settlement or any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Stipulation and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

23. Without affecting the finality of this Final Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund (b) disposition of the Settlement Fund or Net Settlement Fund, including the disposition of residuals funds provided for in Paragraph 8, *supra*; (c) payment of taxes by the Settlement Fund; (d) all parties hereto for the purpose of construing, enforcing, and administering the Amegy Settlement; and (e) any other matters related to finalizing the Amegy Settlement and distribution of the proceeds of the Amegy Settlement.

24. This Final Judgment and Order is a final judgment in the Action as to all claims of the Amegy Plaintiff and the Amegy Settlement Class against Bancorp and Amegy asserted in the Action. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

DATED: February 14th, 2014.

BY THE COURT:

_____
The Honorable Bruce S. Jenkins

# EXHIBIT "1"

## AMEGY BANK EXCLUSION REQUESTS

| SEQ | Name1 | Name2 | Exclusion Request Timely |
|---|---|---|---|
| 1 | WANDA WALTERS | | Yes |
| 2-3 | KATHLEEN M LARKIN | JOHN S HUGH | Yes |